**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PANAMA CITY DIVISION**

**MICHAEL RICHARDSON,**                    **CASE NO.**

      **Plaintiff,**

**v.**

**BAY DISTRICT SCHOOLS,**

      **Defendant.**
_____/

**COMPLAINT**

Plaintiff, MICHAEL RICHARDSON, hereby sues Defendant, BAY DISTRICT

SCHOOLS, and alleges:

**NATURE OF THE ACTION**

1.    This is an action brought under 42 U.S.C. §2000e et seq. and 42 U.S.C.

§1981a.

2.    This is an action involving claims which are, individually, in excess of

Seventy Five Thousand Dollars ($75,000.00), exclusive of costs and interest.  Jurisdiction

of this Court is invoked pursuant 28 U.S.C. §1331 (federal question jurisdiction) and 28

U.S.C. §1343 (civil rights claim jurisdiction).

## THE PARTIES

3.      At all times pertinent hereto, Plaintiff, MICHAEL RICHARDSON, was employed by Defendant.  Plaintiff is a member of a protected class because of his gender.

4.      At all times pertinent hereto, Defendant, BAY DISTRICT SCHOOLS, has been organized and existing under the laws of the State of Florida.  At all times pertinent to this action, Defendants have been an "employer" as that term is used under the applicable laws identified above.

5.      Plaintiff has satisfied all conditions precedent to bringing this action in that Plaintiff filed a charge of discrimination with the Florida Commission on Human Relations and with the EEOC.  This action is timely brought thereafter.

## STATEMENT OF THE ULTIMATE FACTS

6.      Plaintiff was initially employed by Defendant in or about 2003 and was employed as a Materials Handler.  During the relevant period hereto, Plaintiff was supervised by Kenny Hoffman, who in turn reported to James Thompson, Director of Maintenance.

7.      During the relevant period hereto, Thompson made near daily sexually based comments towards Plaintiff, including but not limited to comments about Plaintiff's wife and persons of Asian descent.

8.      Specifically, but not in limitation, on multiple occasions Thompson made direct and obtainable offers to Plaintiff indicating that if Plaintiff allowed his wife to have sexual relations with Thompson that Plaintiff would be rewarded with workplace advancement and would receive increased remuneration, pay, advancement opportunities,

2

and other promotions or benefits from Defendant. Plaintiff declined to act as requested by Thompson, and in no manner participated, promoted, or otherwise involved himself in Thompson's actions.

9.      During the relevant period hereto, and on Defendant's premises, Thompson displayed U.S. currency to Plaintiff and attempted to induce him to obtain sexual relations with Plaintiff's wife and other females of Asian descent. Plaintiff declined to act as requested by Thompson, and in no manner participated, promoted, or otherwise involved himself in Thompson's actions.

10.     During the relevant period hereto, Plaintiff reported the above described behaviors to Hoffman and/or others in a position to manage complaints of this nature.

11.     In or about March 2012, Thompson was arrested by the Bay County Sheriff's Office (BCSO) for Solicitation of Prostitution or a similar charge.  Specifically, Thompson was arrested in a "sting" style operation setup by BCSO, and involved Plaintiff and his wife, as innocent agents, to effectuate the arrest of Thompson in his effort to receive sexual services in exchange for money.

12.     Thereafter, Thompson entered a plea in his criminal case.  Rather, than terminate Thompson, Defendant allowed him to retire without any record of his arrest entering his personnel record with Defendant.  However, prior to his arrest, Thompson inflicted extreme emotional distress on Plaintiff for his actions described in part above.

3

13.    Plaintiff has retained the undersigned to represent his interests in this cause and is obligated to pay a fee for these services.  Defendant should be made to pay said fee under 42 U.S.C. §2000e et seq..

## COUNT I

## GENDER DISCRIMINATION

14.    Paragraphs 1 through 13 are realleged and incorporated herein by reference.

15.    This is an action against Defendant for discrimination based upon gender brought under 42 U.S.C. §2000e et seq..   This is a claim for hostile work environment gender discrimination.

16.    Plaintiff has been the victim of discrimination in that Defendant tried to solicit sex from Plaintiff's spouse.

17.    Defendant is liable for the actions that adversely affected Plaintiff through Defendant's agent soliciting sex from Plaintiff's wife. Defendant knew of should have know of  these actions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.   Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.  Defendant's known allowance and ratification of these actions and inactions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

4

18.     In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a gender-based nature and in violation of the laws set forth herein.

19.     The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant.  The events set forth herein lead, at least in part, to Plaintiff's termination on contrived allegations.

20.     Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon gender in violation of 42 U.S.C. §2000e et seq..

21.     As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.  These damages have occurred in the past, are permanent and continuing.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

(a)     that process issue and this Court take jurisdiction over this case;

(b)     that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

5

(c)    enter judgment against Defendant and for Plaintiff awarding damages to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d)    enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of federal law enumerated herein;

(e)    enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs; and

(f)    grant such other further relief as being just and proper under the circumstances.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable.

DATED this 26th day of June, 2012.

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
310 East Bradford Road
Tallahassee, Florida 32303
(850) 383-4800 (telephone)
(850) 383-4801 (facsimile)
ATTORNEYS FOR PLAINTIFF